FILED
CLERK, U.S. DISTRICT COURT

9/19/25

CENTRAL DISTRICT OF CALIFORNIA
BY: _____MRV_____ DEPUTY

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

June 2025 Grand Jury

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>              Plaintiff,<br><br>              v.<br><br>PARAMVIR SINGH,<br>MANDEEP SINGH,<br>SANDEEP SINGH,<br>HARPREET SINGH,<br>GURNAIK SINGH CHAUHAN,<br>RANJODH SINGH, and<br>ELGAR ROLANDO HERNANDEZ,<br><br>              Defendants. | CR 5:25-cr-00309-KK<br><br>I N D I C T M E N T<br><br>[18 U.S.C. § 1349: Conspiracy to Commit Wire Fraud; 18 U.S.C. § 371: Conspiracy to Commit Theft from Interstate or Foreign Shipments; 18 U.S.C. § 1028A(a)(1): Aggravated Identity Theft; 18 U.S.C. § 1957(a): Money Laundering; 18 U.S.C. §§ 981(a)(1)(C), 982 and 28 U.S.C. § 2461(c): Criminal Forfeiture] |

The Grand Jury charges:

COUNT ONE

[18 U.S.C. § 1349]

[ALL DEFENDANTS]

A.   OBJECT OF THE CONSPIRACY

Beginning on an unknown date, but no later than September 2021, and continuing through at least March 2025, in Los Angeles, San Bernardino, Riverside, and Orange Counties, within the Central

District of California, and elsewhere, defendants PARAMVIR SINGH, MANDEEP SINGH, SANDEEP SINGH, HARPREET SINGH, GURNAIK SINGH CHAUHAN, RANJODH SINGH, and ELGAR ROLANDO HERNANDEZ, conspired with each other and with others known and unknown to the Grand Jury to commit wire fraud, in violation of Title 18, United States Code, Section 1343.

B.    MANNER AND MEANS OF THE CONSPIRACY

The object of the conspiracy was to be accomplished, in substance, as follows:

1.    One or more of the conspirators would create or purchase a carrier company.  A carrier company is a company that specializes in transporting cargo for individuals or companies commonly referred to as shippers.

2.    On some occasions, one or more of the conspirators would offer the services of the carrier company on load boards, which are online marketplaces that connect shippers, who are looking to move their cargo, with carriers, who offer to transport the cargo.

3.    On other occasions, one or more of the conspirators would offer the services of the carrier company through freight brokers, which are companies that connect shippers with carriers directly.

4.    Using these load boards and freight brokers, one or more of the conspirators would agree on behalf of the carrier company to transport cargo for certain shippers.

5.    One or more of the conspirators would then drive a tractor to an agreed upon location and pick up the shipper's cargo.

6.    After leaving the pick up location, one or more of the conspirators would either remove some of the cargo before delivering only part of the cargo to its intended destination or else never

deliver the cargo to its intended destination, effectively stealing some or all of the cargo.

7.    One or more of the conspirators would then sell the stolen cargo to others.

C.    OVERT ACTS

In furtherance of the conspiracy and to accomplish its object, on or about the following dates, defendants PARAMVIR SINGH, MANDEEP SINGH, SANDEEP SINGH, HARPREET SINGH, GURNAIK SINGH CHAUHAN, RANJODH SINGH, and ELGAR ROLANDO HERNANDEZ, committed various overt acts within the Central District of California, and elsewhere, including, but not limited to, the following:

Overt Act No. 1:    On or about September 14, 2021, SANDEEP SINGH picked up cargo from a shipper in Walnut, California, but only delivered part of the cargo to its intended destination in Dinuba, California.

Overt Act No. 2:    On or about September 20, 2021, SANDEEP SINGH picked up cargo from a shipper in Walnut, California, but only delivered part of the cargo to its intended destination in Dinuba, California.

Overt Act No. 3:    On or about September 28, 2021, SANDEEP SINGH picked up cargo from a shipper in Walnut, California, but only delivered part of the cargo to its intended destination in Dinuba, California.

Overt Act No. 4:    On or about November 3, 2021, SANDEEP SINGH picked up cargo from a shipper in Walnut, California, but only delivered part of the cargo to its intended destination in Dinuba, California.

Overt Act No. 5:    On or about February 2, 2022, GURNAIK SINGH CHAUHAN picked up cargo from a shipper in Walnut, California, but only delivered part of the cargo to its intended destination in Dinuba, California.

Overt Act No. 6:    On or about March 12, 2022, MANDEEP SINGH, SANDEEP SINGH, and GURNAIK SINGH CHAUHAN, all purporting to work for Janjua Transport, a carrier company owned by PARAMVIR SINGH, picked up cargo from a shipper in Fontana, California.  Instead of driving the cargo to its intended destinations outside of California, the three of them and PARAMVIR SINGH, offloaded the cargo to separate vehicles at a nearby storage facility before driving away with the stolen cargo.

Overt Act No. 7:    On or around March 25, 2022, ELGAR ROLANDO HERNANDEZ picked up cargo from a shipper in Walnut, California, but never delivered it to its intended destination in French Camp, California.

Overt Act No. 8:    On or about August 1, 2022, PARAMVIR SINGH sold stolen cargo to Y.A.

Overt Act No. 9:    On or about September 17, 2022, PARAMVIR SINGH picked up cargo from a shipper in Moreno Valley, California, but never delivered it to its intended destination in Lebec, California.

Overt Act No. 10:    On or about September 23, 2022, PARAMVIR SINGH picked up cargo from a shipper in Moreno Valley, California, but never delivered it to its intended destination in Lebec, California.

Overt Act No. 11:    On or about September 25, 2022, PARAMVIR SINGH picked up cargo from a shipper in Moreno Valley, California,

4

but never delivered it to its intended destination in Riverside, California.

Overt Act No. 12:   On or about September 29, 2022, MANDEEP SINGH picked up cargo from a shipper in Moreno Valley, California, but never delivered it to its intended destination in St. George, Utah.

Overt Act No. 13:   On or about October 1, 2022, MANDEEP SINGH picked up cargo from a shipper in Moreno Valley, California, but never delivered it to its intended destination in Tolleson, Arizona.

Overt Act No. 14:   On or about October 2, 2022, PARAMVIR SINGH picked up cargo from a shipper in Moreno Valley, California, but never delivered it to its intended destination in St. George, Utah.

Overt Act No. 15:   On or about October 3, 2022, MANDEEP SINGH picked up cargo from a shipper in Moreno Valley, California, but never delivered it to its intended destination in Stockton, California.

Overt Act No. 16:   On or about October 28, 2022, MANDEEP SINGH picked up cargo from a shipper in Moreno Valley, California, but never delivered it to its intended destination in Phoenix, Arizona.

Overt Act No. 17:   On or about October 29, 2022, PARAMVIR SINGH picked up cargo from a shipper in Moreno Valley, California, but never delivered it to its intended destination in Rialto, California.

Overt Act No. 18:   On or about October 29, 2022, MANDEEP SINGH picked up cargo from a shipper in Moreno Valley, California, but never delivered it to its intended destination in Patterson, California.

Overt Act No. 19:   On or about October 30, 2022, MANDEEP SINGH picked up cargo from a shipper in Moreno Valley, California, but

never delivered it to its intended destination in Patterson, California.

Overt Act No. 20:  On or about November 4, 2022, MANDEEP SINGH picked up cargo from a shipper in Moreno Valley, California, but never delivered it to its intended destination in Lebec, California.

Overt Act No. 21:  On or around November 17, 2022, MANDEEP SINGH picked up cargo from a shipper in Ontario, California using A.S.'s name and driver's license, but never delivered it to its intended destination in Fresno, California.

Overt Act No. 22:  In or around December 2022, ELGAR ROLANDO HERNANDEZ and MANDEEP SINGH unloaded stolen cargo to a warehouse in Santa Ana, California.

Overt Act No. 23:  On or about January 11, 2023, MANDEEP SINGH picked up cargo from a shipper in Fontana, California using A.S.'s name and driver's license, but never delivered it to its intended destination in Porterville, California.

Overt Act No. 24:  On or about February 20, 2023, MANDEEP SINGH picked up cargo from a shipper in Fontana, California using A.S.'s name and driver's license, but never delivered it to its intended destination in Washington, Utah.

Overt Act No. 25:  On or about March 8, 2023, MANDEEP SINGH and HARPREET SINGH unloaded stolen cargo to a warehouse in Los Angeles, California.

Overt Act No. 26:  On or about April 24, 2023, GURNAIK SINGH CHAUHAN texted "Walmart all mix gerosery [sic] full trailer" and sent a picture of several containers of dishwasher detergent pods to an unknown person.

Overt Act No. 27:   On or about April 24, 2023, GURNAIK SINGH CHAUHAN texted "Amazon full trailer" and sent a picture of the inside of a trailer filled with boxes to an unknown person.

Overt Act No. 28:   On or around May 30, 2023, PARAMVIR SINGH picked up cargo from a shipper in Chino, California, but never delivered it to its intended destination in Plainview, Texas.

Overt Act No. 29:   On or around June 23, 2023, PARAMVIR SINGH, HARPREET SINGH, and RANJODH SINGH transported a trailer with stolen cargo to a truck yard in San Bernardino, California.

Overt Act No. 30:   On or around September 29, 2023, PARAMVIR SINGH purchased the carrier company Obey Eagle Inc. and a tractor belonging to Obey Eagle Inc.  As part of that purchase, PARAMVIR SINGH sent several text messages to the owner of Obey Eagle Inc., and both PARAMVIR SINGH and HARPREET SINGH sent money to the owner of Obey Eagle Inc. using the Zelle payment network.

Overt Act No. 31:   On or about January 2, 2024, RANJODH SINGH picked up cargo from a shipper in Surprise, Arizona, but never delivered it to its intended destination in El Paso, Texas.

Overt Act No. 32:   On or about March 19, 2024, RANJODH SINGH and ELGAR ROLANDO HERNANDEZ attempted to pick up cargo in Mira Loma, California, using a tractor that previously belonged to Obey Eagle Inc., but were unable to do so because the shipper turned them away.

Overt Act No. 33:   On or about March 24, 2024, PARAMVIR SINGH unloaded stolen cargo at his residence in Rancho Cucamonga, California.

Overt Act No. 34:   On or about March 25, 2024, PARAMVIR SINGH, HARPREET SINGH, ELGAR ROLANDO HERNANDEZ, and others attempted to unload stolen cargo from three trailers at a truck yard in Ontario,

7

California, and fled the yard when they were confronted by the owner of the trailers.

Overt Act No. 36:  On or about June 26, 2024, PARAMVIR SINGH and ELGAR ROLANDO HERNANDEZ rented a U-Haul truck in Fontana, California, using M.B.'s name and driver's license, and afterwards loaded stolen cargo into the U-Haul truck.

Overt Act No. 37:  On or around December 7, 2024, RANJODH SINGH and another conspirator stole a trailer containing cargo from a truck yard.

Overt Act No. 38:  On or around March 24, 2025, PARAMVIR SINGH attempted to register for a Flexport account using R.K.'s name and driver's license.  Flexport is a company that owns a load board called Convoy.

COUNT TWO

[18 U.S.C. § 371]

[ALL DEFENDANTS]

A.    OBJECT OF THE CONSPIRACY

Beginning on an unknown date, but no later than March 2022, and continuing through at least June 2024, in Los Angeles, San Bernardino, Riverside, and Orange Counties, within the Central District of California, and elsewhere, defendants PARAMVIR SINGH, MANDEEP SINGH, SANDEEP SINGH, HARPREET SINGH, GURNAIK SINGH CHAUHAN, RANJODH SINGH, and ELGAR ROLANDO HERNANDEZ, conspired with each other and with others known and unknown to the Grand Jury to commit theft from interstate or foreign shipments, in violation of Title 18, United States Code, Section 659.

B.    MANNER AND MEANS OF THE CONSPIRACY

The Grand Jury hereby repeats and realleges the Manner and Means of the Conspiracy as set forth in Section B of Count One of this Indictment as if fully set forth herein.

C.    OVERT ACTS

In furtherance of the conspiracy and to accomplish its object, on or about the following dates, defendants PARAMVIR SINGH, MANDEEP SINGH, SANDEEP SINGH, HARPREET SINGH, GURNAIK SINGH CHAUHAN, RANJODH SINGH, and ELGAR ROLANDO HERNANDEZ, committed various overt acts within the Central District of California, and elsewhere, including, but not limited to, the following:

Overt Acts Nos. 1-38:    The Grand Jury hereby repeats and realleges Overt Acts 1 through 38 as set forth in Section C of Count One of this Indictment as if fully set forth herein.

COUNTS THREE AND FOUR

[18 U.S.C. § 1028A(a)(1)]

[DEFENDANT PARAMVIR SINGH]

On or about the dates set forth below, in San Bernardino County, within the Central District of California, and elsewhere, defendant PARAMVIR SINGH knowingly transferred, possessed, and used, without lawful authority, a means of identification that he knew belonged to another person, namely, the means of identification of the individuals identified below by their initials, during and in relation to the offense of Conspiracy to Commit Wire Fraud, a felony violation of Title 18, United States Code, Section 1349, as charged in Count One of this Indictment:

| COUNT | DATE | MEANS OF IDENTIFICATION |
|-------|------|-------------------------|
| THREE | 6/24/2024 | Name, driver's license number, address, and date of birth of victim M.B. |
| FOUR | 3/24/2025 | Name, photograph, driver's license number, address, and date of birth of victim R.K. |

10

COUNT FIVE

[18 U.S.C. § 1028A(a)(1)]

[DEFENDANT MANDEEP SINGH]

On or about November 17, 2022, in San Bernardino County, within the Central District of California, and elsewhere, defendant MANDEEP SINGH knowingly transferred, possessed, and used, without lawful authority, a means of identification that he knew belonged to another person, namely, the name, driver's license number, address, and date of birth of victim A.S., during and in relation to the offense of Conspiracy to Commit Wire Fraud, a felony violation of Title 18, United States Code, Section 1349, as charged in Count One of this Indictment.

11

COUNTS SIX THROUGH EIGHT

[18 U.S.C. § 1957(a)]

[DEFENDANT PARAMVIR SINGH]

On or about the dates set forth below, in Los Angeles County, within the Central District of California, and elsewhere, defendant PARAMVIR SINGH, knowing that the funds involved represented the proceeds of some form of unlawful activity, engaged in and willfully caused others to engage in the following monetary transactions, in and affecting interstate commerce, in criminally derived property of a value greater than $10,000, which property, in fact, was derived from specified unlawful activity, namely, Conspiracy to Commit Wire Fraud, committed in violation of Title 18, United States Code, Section 1349, as charged in Count One of this Indictment:

| COUNT | DATE | MONETARY TRANSACTION |
| --- | --- | --- |
| SIX | 8/1/2022 | ATM deposit of $88,470.00 to Janjua Transport Bank of America Account ending in 3545. |
| SEVEN | 8/1/2022 | ATM deposit of $149,127.51 to Janjua Transport Bank of America Account ending in 3545. |
| EIGHT | 8/1/2022 | ATM deposit of $125,000.00 to Janjua Transport Bank of America Account ending in 3545. |

FORFEITURE ALLEGATION ONE

[18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c)]

1.    Pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c), in the event of any defendant's conviction of the offenses set forth in any of Counts One through Five of this Indictment.

2.    Any defendant so convicted shall forfeit to the United States of America the following:

(a)   All right, title, and interest in any and all property, real or personal, constituting, or derived from, any proceeds traceable to the offenses; and

(b)   To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraph (a).

3.    Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), any defendant so convicted shall forfeit substitute property, up to the value of the property described in the preceding paragraph if, as the result of any act or omission of said defendant, the property described in the preceding paragraph or any portion thereof (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to, or deposited with a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty.

13

FORFEITURE ALLEGATION TWO

[18 U.S.C. § 982]

1.    Pursuant to Rule 32.2(a) of the Federal Rules of Criminal Procedure, notice is hereby given that the United States will seek forfeiture as part of any sentence, pursuant to Title 18, United States Code, Section 982(a)(1), in the event of any defendant's conviction of the offenses set forth in any of Counts Six through Eight of this Indictment.

2.    Any defendant so convicted shall forfeit to the United States of America the following:

(a)  Any property, real or personal, involved in such offense, and any property traceable to such property; and

(b)  To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraph (a).

3.    Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b)(1), and Title 18, United States Code, Section 982(b)(2), any defendant so convicted shall forfeit substitute property, if, by any act or omission of said defendant, the property described in the preceding paragraph, or any portion thereof (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to, or deposited with a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty.  Substitution of assets shall not be ordered, however, where the convicted defendant acted merely as an intermediary who handled but did not retain the property in the

14

course of the money laundering offense unless the defendant, in committing the offense or offenses giving rise to the forfeiture, conducted three or more separate transactions involving a total of $100,000.00 or more in any twelve-month period.

A TRUE BILL

/S/ _____
Foreperson

BILAL A. ESSAYLI
Acting United States Attorney

JOSEPH T. MCNALLY
Assistant United States Attorney
Acting Chief, Criminal Division

FOR

FRANCES S. LEWIS
Assistant United States Attorney
Chief, General Crimes Section

SHAWN T. ANDREWS
Assistant United States Attorney
Deputy Chief, General Crimes
Section

MATTHEW TANG
Assistant United States Attorney
General Crimes Section

KEDAR S. BHATIA
Assistant United States Attorney
Public Corruption and Civil
Rights Section

15