TODD BLANCHE
Deputy Attorney General
BILAL A. ESSAYLI
First Assistant United States Attorney
JENNIFER L. WAIER
Chief Assistant United States Attorney &
Chief, Criminal Division
STEPHEN CHANG (Cal. Bar No. 312580)
LLOYD MASSON (Cal. Bar. No. 270182)
Assistant United States Attorneys
    1200 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-7280/4442
    Facsimile: (213) 894-0141
    E-mail:    stephen.chang@usdoj.gov
               Lloyd.masson@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>          v.<br><br>(1) PARAMVIR SINGH,<br>(3) SANDEEP SINGH,<br>(5) GURNAIK SINGH CHAUHAN, and<br>(6) RANJODH SINGH,<br>(7) ELGAR ROLANDO HERNANDEZ<br><br>        Defendants. | No. 5:25-cr-00309-KK<br><br>STIPULATION REGARDING REQUEST FOR (1) CONTINUANCE OF TRIAL DATE AND (2) FINDINGS OF EXCLUDABLE TIME PERIODS PURSUANT TO SPEEDY TRIAL ACT<br><br>**CURRENT TRIAL DATES**<br>June 29, 2026 at 9:00 AM<br><br>**PROPOSED TRIAL DATE**<br>March 23, 2027 at 9:00 AM |

Plaintiff United States of America, by and through its counsel of record, the First Assistant United States Attorney for the Central District of California and Assistant United States Attorneys Stephen Chang and Lloyd Masson, and the following defendant:[1] (5) GURNAIK

---

[1] Defendant (4) HARPREET SINGH remains a fugitive at this time and not made an initial appearance. Defendant Mandeep Singh was
*(footnote cont'd on next page)*

SINGH CHAUHAN, by and through his counsel of record Carlos Juarez ("moving defendant"), as well as counsel Scott Pactor, counsel for client ELGAR ROLANDO HERNANDEZ and counsel David Kaloyanides, counsel for SANDEEP SINGH, and collectively with Plaintiff the "parties"), hereby stipulate as follows:

1.   The moving defendant (GURNAIK SINGH CHAUHAN), and the government stipulate to a trial continuance to March 23, 2027 due to, among other things, the complexity of the case, the voluminous amount of discovery, and because of the discovery in a foreign language(as detailed below). Government counsel has conferred with counsel for the moving defendant and have agreed on March 23, 2027 given conflicts of counsel.

2.   All remaining counsel for the defendants in the case either join in or do not oppose the request for trial continuance.

3.   On May 6, 2026, CJA counsel Scott Pactor, counsel for defendant ELGAR ROLANDO HERNANDEZ, informed the undersigned counsel that he joins the moving defendant and the government's request for a trial continuance to March 23, 2027 in his capacity as counsel because of the extremely voluminous discovery in this matter. Specifically, Mr. Pactor also has the following trial conflicts set forth in Exhibit A. Mr. Pactor was also not appointed as counsel in this case until December 10, 2025, two months after other defendants made their initial appearances. His client, ELGAR ROLANDO HERNANDEZ, does not join the request for a continuance.

4.   On May 26, 2026, CJA counsel David Kaloyanides, informed the government that he is also requesting a continuance given the

---

removed from the country and has been dismissed from this case without prejudice. ECF No. 142.

voluminous discovery in the case. Mr. Kaloyanides also has the following trial conflicts set forth in Exhibit A. Mr. Kaloyanides informed counsel that he can be ready for trial by October 5, 2026. His client, SANDEEP SINGH, does not join the request for a continuance.

5.    On May 21, 2026, Deputy Federal Public Defender Chad J. Pennington, counsel for defendant PARAMVIR SINGH, informed the undersigned counsel that he does not oppose the government's request for a trial continuance to March 23, 2027, also because of the voluminous discovery in this case. Mr. Pennington also has the following trial conflicts set forth in Exhibit A. Mr. Pennington's client PARAMVIR SINGH does not join the request for a continuance.

6.    On April 27, 2026, CJA counsel Oliver Cleary, counsel for defendant RANJODH SINGH, informed the undersigned counsel that he does not oppose the government's request for a trial continuance to March 23, 2027 also because of the voluminous discovery in this case. Mr. Cleary's client RANJODH SINGH does not join the request for continuance.

7.    The Indictment in this case was made public on October 9, 2025.  Defendants PARAMVIR SINGH AND GURNAIK SINGH CHAUHAN, first appeared before a judicial officer of the court in which the charges in this case were pending on October 9, 2025. The Speedy Trial Act, 18 U.S.C. § 3161, originally required that the trial commence on or before December 18, 2025 for Defendants PARAMVIR SINGH and GURNAIK SINGH CHAUHAN.

8.    Defendant SANDEEP SINGH first appeared before a judicial officer of the court in which the charges in this case were pending on October 10, 2025. The Speedy Trial Act, 18 U.S.C. § 3161,

3

originally required that the trial commence on or before December 19, 2025 for Defendant SANDEEP SINGH.

9.  Defendant RANJODH SINGH first appeared before a judicial officer of the court in which the charges in this case were pending on October 17, 2025. The Speedy Trial Act, 18 U.S.C. § 3161, originally required that the trial commence on or before December 26, 2025 for Defendant RANJODH SINGH.

10.  Defendant HARPREET SINGH remains a fugitive.

11.  Defendant EDGAR ROLANDO HERNANDEZ made his initial appearance in this matter on December 10, 2025. The Speedy Trial Act 18 U.S.C. § 3161, originally required that his trial commence on or before Wednesday, February 18, 2026. On December 10, 2025, Magistrate Judge Richlin detained defendant EDGAR ROLANDO HERNANDEZ pending trial.

12.  Defendants PARAMVIR SINGH, SANDEEP SINGH, RANJODH SINGH, and ELGAR ROLANDO HERNANDEZ are detained. GURNAIK SINGH CHAUHAN was granted bond on December 19, 2025 after a request for reconsideration of bond.

13.  On November 14, 2025, this Court continued the trial date for Defendants PARAMVIR SINGH, MANDEEP SINGH, SANDEEP SINGH, GURNAIK SINGH CHAUHAN, and RANJODH SINGH to June 29, 2026 at 8:30 AM and set the final pretrial conference and motion hearing date for June 18, 2026 at 1:30 pm. On January 7, 2026, this Court continued the trial date and status conference date for ELGAR ROLANDO HERNANDEZ to the same dates as his co-defendants.

14.  The parties estimate that the trial in this matter will last approximately fifteen days.

15.   Despite the objection to the continuance by defendants PARAMVIR SINGH, RANJODH SINGH, ELGAR ROLANDO HERNANDEZ, and SANDEEP SINGH (and not their counsel), the moving defendant and counsel agree that pursuant to 18 U.S.C. § 3161(h)(7), the time period from the date of the Court's order to March 23, 2027 constitutes a reasonable delay for all defendants, who should be joined for trial with their codefendants and where no motion for severance has been filed or granted. *See United States v. Butz*, 982 F.2d 1378, 1381 (9th Cir. 1993) (holding excludable time as to one defendant applies to all, and reasoning continuance was reasonable where the case was complex, and involved severe charges, nine defendants in a 29-count indictment, voluminous discovery, and pretrial motions practice); *United States v. Casellas*, 842 F. App'x 95, 97 (9th Cir. 2021) (holding under totality of circumstances that continuance was reasonable where discovery was voluminous, a continuance was needed to prepare for the possibility of a joint trial, and severances were disfavored in conspiracy cases); *see also* § 3161(h)(7) (providing that defense counsel may seek a continuance separate and independent from the criminal defendant)

16.   By this stipulation, moving defendant moves to continue the trial dates to March 23, 2027 at 9:00 AM and the status conference/motion hearing dates to February 26, 2027 at 1:30 PM. This is the second request for a continuance.

17.   Defendant requests the continuance based upon the following facts, which the parties believe demonstrate good cause to support the appropriate findings under the Speedy Trial Act:

a.   Defendants are charged in this matter with violations of 18 U.S.C. § 1349 (Conspiracy to Commit Wire Fraud) and 18 U.S.C.

§ 371 (Conspiracy to Commit Theft from Interstate or Foreign Shipments). Defendant PARAMVIR SINGH is also charged with violations of 18 U.S.C. § 1028A(a)(1) (Aggravated Identity Theft) and 18 U.S.C. § 1957(a) (Money Laundering).

b. The government has produced, including as recently as April 1 and April 23, 2026, voluminous discovery productions to the defense, which the government estimates includes at least more than hundreds of gigabytes of electronic discovery encompassing thousands of files, including but not limited to voluminous written reports from local and federal investigator authorities, photographs, spreadsheets, audio and video recordings, digital devices, detailed 2703(d) and other subpoena returns from technology companies, and other investigative files concerning the thirty-eight overt acts charged in the indictment in this matter. Some of the materials on certain digital devices are also in Punjabi and are being translated. The government has produced at least 1,738,156 pages of discovery to counsel. Due to the nature of the prosecution and the number of defendants, including the charges in the indictment and the voluminous discovery produced to defendants, this case is so unusual and so complex that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the Speedy Trial Act time limits.

c. Conflicts for defense counsel are listed in the attached documents. For defense counsel who have conflicts, defense counsel represent that the complexity of the charges in this case and the conflicts listed in the attached documents will make adequate preparation for trial within the current Speedy Trial Act time period impossible.

d.    In light of the foregoing, counsel for defendants also represents that additional time is necessary to confer with defendants, conduct and complete an independent investigation of the case, conduct and complete additional legal research including for potential pre-trial motions, review the discovery and potential evidence in the case, and prepare for trial in the event that a pretrial resolution does not occur. Defense counsel represent that failure to grant the continuance would deny them reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

e.    Defendants believe that failure to grant the continuance will deny them continuity of counsel and adequate representation.

f.    Defendants are joined in trial for a codefendant as to whom the time for trial has not run and no motion for severance has been granted.

g.    The government does not object to the continuance. However, the government does not currently intend to stipulate to any further trial continuance past the March 23, 2027 date.

h.    The requested continuance is not based on congestion of the Court's calendar, lack of diligent preparation on the part of the attorney for the government or the defense, or failure on the part of the attorney for the Government to obtain available witnesses.

18.    For purposes of computing the date under the Speedy Trial Act by which defendant's trial must commence, the parties agree that the time period from the date of the Court's order to March 23, 2027, inclusive, should be excluded pursuant to 18 U.S.C. §§ 3161(h)(7)(A),

(h)(7)(B)(i), (h)(7)(B)(ii), (h)(7)(B)(iv), and (h)(6) because the delay results from a continuance granted by the Court at defendant's request, without government objection, on the basis of the Court's finding that: (i) the ends of justice served by the continuance outweigh the best interest of the public and defendant in a speedy trial; (ii) failure to grant the continuance would be likely to make a continuation of the proceeding impossible, or result in a miscarriage of justice; (iii) the case is so unusual and so complex, due to the nature of the prosecution the number of defendants, that it is unreasonable to expect preparation for pre-trial proceedings or for the trial itself within the time limits established by the Speedy Trial Act; and (iv) failure to grant the continuance would unreasonably deny defendant continuity of counsel and would deny defense counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

19.  Nothing in this stipulation shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods be excluded from the period within which trial must commence. Moreover, the same provisions and/or other provisions of the Speedy Trial Act may in the future authorize the exclusion of additional time periods from the period within which trial must commence.

IT IS SO STIPULATED.

Dated: May 26, 2026

Respectfully submitted,

TODD BLANCHE
Acting Attorney General

BILAL A. ESSAYLI
First Assistant United States Attorney

JENNIFER L. WAIER
Chief Assistant United States Attorney & Chief, Criminal Division

_____/s/_____

STEPHEN CHANG
LLOYD MASSON
Assistant United States Attorneys

Attorneys for Plaintiff
UNITED STATES OF AMERICA

I am GURNAIK SINGH CHAUHAN's attorney.  I have carefully discussed every part of this stipulation and the continuance of the trial date with my client. I have fully informed my client of his Speedy Trial rights.  To my knowledge, my client understands those rights and agrees to waive them.  I believe that my client's decision to give up the right to be brought to trial earlier than _____, 2027, is an informed and voluntary one.

_____        Date _5-1-26_____
CARLOS JUAREZ
Attorney for Defendant
GURNAIK SINGH CHAUHAN

I have read this stipulation and have carefully discussed it with my attorney. I understand my Speedy Trial rights.  I voluntarily agree to the continuance of the trial date, and give up my right to be brought to trial earlier than __3/23/2027__.

_____        Date _05-01-2026_____
GURNAIK SINGH CHAUHAN
Defendant

10

# **<u>Exhibit A</u>**

TRIAL CONFLICTS FOR CARLOS JUAREZ

U.S. v Sanchez 26-cr-00014-JWH-39, complex drug conspiracy case set for trial 6/15/2026. Trial is expected to be continued until 2026.

U.S. v Singh 25-cr-00804-AH, wire fraud/theft case involving multi-defendants. Trial has been continued on 2 occasions, and no further continuances are expected. Trial currently set for 8/3/2026 with trial estimate of 2 weeks.

US v Blackstone 25-cr-00343-KK-2, drug conspiracy and gun possession case. Trial is set on 8/17/26 and won't be continued as defendant is in custody and will not waive time. Trial estimate is 4-5 days. Trial dates have been continued once. Not complex.

U.S. v Aguirre 21-cr-00383-GW-1, a drug conspiracy case set for trial 10/6/26. Case has been continued seven times, and no further continuances are expected. Trial estimate is 4-5 days. Not complex.

U.S. v Felix-Lopez CR23-00199-JGB, a multi- defendant complex kidnapping case. All defendants are in custody, and no further continuance is expected. Trial set for 10/20/2026 and expected to last about 2 weeks. Trial dates have been continued 3 times.

U.S. v Arredondo 23-cr-00545-AB, drug conspiracy/MS-13 complex case. Trial is set for 10/27/26 and is expected to last 2-3 weeks. Defendants are in custody. No further continuance is expected. Trial dates have been continued approximately 5 times, and no further continuances are expected.

U.S. v Catbagan26-cr- 00177-DMG, a health care fraud involving husband and wife defendants. Co-defendant wife in custody. Case continued one time and no further continuances are expected. Trial estimate 5 days. Trial set for 11/17/2026.

U.S. v Tejada 25-cr-886-SPG, an 18-defendant complex drug conspiracy/ murder case currently set for trial on 7/28/2026 but will be continued by stipulation to 12/1/2026 with a trial estimate of 4-5 weeks. The main defendant Ryan Wedding and a co-defendant were recently extradited from foreign countries. There are approximately 16 other defendants who have yet to appear. The case is expected to procced to trial on 12/1/26 with current defendants.

U.S. v Henley (Blanton) 25-cr-00211-FLA-6, multi-defendant RICO/Fraud case. Trial set for 2/16/2027 and no further continuances expected. Trial has been continued 3-4 times. Trial estimate is 4-5 weeks.

Pactor Trial Conflicts List

May 2026

(1) the case name, case number, court where the action is pending, and the initials of the district judge or name of the state court judge assigned to the action; (2) the age of the action; (3) the nature of the offense(s) charged and complexity of the action; (4) the scheduled trial date; (5) the estimated length of trial; (6) the number of continuances previously granted; (7) the parties' trial readiness; (8) the estimated likelihood a future continuance will be requested; and (9) the likelihood the trial will proceed on the scheduled date.

1) 25cr1995-WQH, US vs Estrella CASD, Judge Hayes
2) 2025
3) Drug distribution/not very
4) 7/27
5) 3-4 days
6) Three?
7) Ready
8) Zero
9) Extremely high


1) 24cr27-MCS, US vs. Cuellar, CACD
2) 2024
3) Robbery x5
4) 8/11
5) 4 days
6) Six
7) Ready
8) Minimal
9) High


10) 25cr27 US vs. Ayala et al, CACD- Riverside, SSS
11) 2/5/25
12) Drugs smuggled into jail, moderately complex

13) 12/7/26
14) 2 weeks
15) 1
16) Unknown
17) Unknown
18) Unlikely

1) 25cr1032, US vs. Sanchez et al., MWF
2) 12/17/25
3) Kidnapping, drug and gun sales, moderately complex
4) 3/9/27
5) Unknown
6) 1
7) Not ready
8) Unlikely
9) Likely

1) 25cr309, US vs. Singh et al, KK
2) 9/19/25
3) Cargo/freight theft, complex
4) 6/29/26
5) Unknown
6) 1
7) Not ready
8) Likely
9) Unlikely

1) 24cr570, US vs Haviland, et al, WLH
2) 9/26/24
3) RICO- Peckerwoods case, complex
4) 9/14/26
5) 2-3 days
6) 3

7) Not ready
8) 100%
9) 0%

**<u>David J. Kaloyanides, Counsel for Sandeep Singh</u>**

2026/06/29      Trial in *USA v. Nania, et al*., 2:25-cr-00840-MEMF. 21 U.S.C. §§846, 841(a)(1), (b)(1)(A); 18 U.S.C. §924(c), conspiracy to possess and possession with intent to distribute controlled substances, possession of firearms in furtherance of drug trafficking. There are 14 defendants. Indictment was filed 2025/10/16. Client was arraigned 2025/11/03. Trial estimate is 4 weeks. Stipulation to continue trial to 18 January 2027 pending before the Court.

2026/06/30      Sentencing in *USA v. Cruz Hernandez, et al*., (Hector Oliva Melendez), 2:19-cr-00117-SB. 18 U.S.C. § 1959 (VICAR murder capital case). 31 defendants. The case was indicted 1 March 2019 with a Third Superseding Indictment filed 5 August 2021 bringing my client into the case (appearance 24 August 2021). I was appointed 7 October 2022. The government filed its No Seek in December 2022. Guilty plea accepted. Designated complex.

2026/07/14      Trial in *USA v. Dreisen*, 5:25-cr-00093-CV, 18 U.S.C. §2255A(a)(2)(A), (b)(1) and (a)(5)(B), (b)(2), possession of child pornography. Indictment filed 26 March 2025. Client's initial appearance 16 April 2025. Trial estimate is 4 days. There have been four continuances. The parties intend to proceed to trial as scheduled. Not designated complex.

2026/08/04      Trial in *USA v. Brar, et al*., (Andre Hawkins), 2:24-00519-HDV. 18 U.S.C. §1201 (kidnapping). The Indictment was filed 27 August 2024 with my client appearing 30 September. Three of the original five defendants remain. There have been four continuances. Trial estimate is 1 week. Certain discovery remains outstanding. It is uncertain if all defendants will be prepared to proceed on the current trial date. Not designated complex.

2026/08/18      Trial in *USA v. Guillory, et al*., 5:25-cr-00160-FLA. 21 U.S.C. §846, 841(a)(1), (b)(1)(A) conspiracy and possession with intent to distribute. Indictment filed 2025/05/14; client's initial appearance 2025/10/02. There are two defendants. There has been one continuance relating to my client; three relating to the co-defendant. Not designated complex.

2026/08/18      Trial in *USA v. Bujase, et al*., 2:25-cr-00234-SPG-2. 21 U.S.C. §§846, 841(a)(1), (b)(1)(A), conspiracy and possession with intent to distribute controlled substances. Indictment filed 2025/04/01. Client arraigned 2025/10/28. Two defendants. Co-defendant has entered a plea agreement. There has been one continuance. Another continuance is likely. Not designated complex.

2026/09/14       Trial in *USA v. Haviland, et al.*, (Richard Riley), 2:24-cr-00570-WLH. 21 U.S.C. §846 (as against my client) conspiracy to possess with intent to distribute. There are 68 defendants. The estimate is 4-6 weeks depending on the trial groupings. The Indictment was filed 26 September 2024. There have been two continuances. Another continuance will be required because of substantial outstanding discovery and counsel's other trial commitments. Designated complex.

2026/09/15       Trial in *USA v. Saffron, et al.*, (David Saffron), 2:22-cr-00276-DSF. 18 U.S.C. §1349, §1343 (conspiracy and wire fraud); 18 U.S.C. §371 (conspiracy to commit commodities fraud); 18 U.S.C. §1503 (obstruction of justice); 18 U.S.C. §1956(h), §1957 (conspiracy and money laundering); 18 U.S.C. §3147 (committing offense while on pretrial release). Twelve count indictment filed 2022/06/28, client appeared 2022/07/05. FSI filed 2023/12/07. Counsel initially appointed 2024/9/12. Client granted pro per status 2025/02/10. Counsel reappointed 2026/02/06. There have been 8 continuances. Trial estimate is 14 court days. Counsel's agreement to be reappointed was premised in part on confirming another lengthy continuance would be granted by the court. The new date has yet to be set. Not designated complex despite the 14-court day estimate for trial.

2026/09/22       Trial in *USA v. Puente, et al.,* (Arthur Marquez), 5:24-cr-00245-KK. 18 U.S.C. 1341 (mail fraud). Two defendants. The indictment was filed 9 October 2024. Trial estimate is 10 days. There have been two continuances. It is likely that the case will settle. Otherwise, the parties intend to proceed to trial as scheduled. Not designated complex.

2026/09/28       Trial in *USA v. Hernandez, et al.*, (Richard Delgado) 5:25-cr-00034-KK, 21 U.S.C. §846, 841(a)(1), (b)(1)(A), conspiracy and possession with intent to distribute controlled substances. There are two defendants, one is a fugitive. The case was indicted 12 February 2025. I was appointed to substitute in for the Federal Public Defender 21 August 2025. There have been two continuances. At present, counsel intends to proceed to trial on the current date. Not designated complex.

2026/10/20       Trial in *USA v. Ramos-Dominguez, et al.,* (Jair Ramos Dominguez), 5:23-cr-00199-JGB. 18 U.S.C. §1201 (Kidnapping). There are six defendants. The complaint was filed 22 September 2023 and the initial appearance 25 September 2023. The Indictment was filed 4 October 2023 and a First Superseding Indictment filed 7 August 2024 adding three additional defendants. The estimate is 2 weeks. There have been three continuances. The parties expect to proceed on the current trial date. Not designated complex.

2026/11/09       Trial in *USA v. Williams, et al.,* (Mikhail Hoalim), 5:24-cr-00200-KK. Four defendants. Trial estimate is one week. Indictment was filed 2024/08/14. There have been

three continuances. At present, defense counsel will be prepared to proceed to trial on the current date. Not designated complex.

**Chad Pennington, Counsel for Paramvir Singh**

- U.S. v. Moerschel, 23-3096/23-3117. D.C. Circuit Court of Appeals. Trial appeal. Notice of Appeal docketed July 18, 2023. Opening brief stayed. 25,000 words.

- U.S. v. Sanchez, 2:24-cr-207-FLA. C.D. Cal. Controlled substance offense, possession with an intent to distribute. Sentencing scheduled 7/10/26. Guilty plea accepted.

- U.S. v. Madrid, Case No. 23-cr-154. C.D. Cal. Section 922(g)(1) sentencing on 6/1/26.

- U.S. v. Ross, 5:25-cr-255-KK. C.D. Cal. Sec. 1343. One prior continuance sought. Trial 8/17/2026. Not designated complex under the local rules. Uncertain whether future continuances will be sought. Defense prepared for trial.

- U.S. v. Rangel-Barajas, 5:25-cr-95-AB. C.D. Cal. Prohibited firearm distribution. Jury Trial set for 6/2/26. 2-3 day trial. Four Continuances. Not designated complex under the local criminal rules. Defense prepared for trial.

- U.S. v. Bartholomew, 5:25-cr-56-SSS. C.D. Cal. Enticement. Pretrial conference set for 7/10/26; Jury Trial set for 7/27/26. 7-day trial. Two previous continuances. Not designated complex under the local criminal rules. Defense prepared for trial. Not certain whether trial will proceed on current date or whether future continuance will be sought.

- U.S. v. Beltran, 5:25-mj-00240. C.D. Cal. Section 1326, illegal reentry case. No trial date set. Not designated complex under the local criminal rules.  Waiting on the Court's ruling on a pending dismissal motion.

- U.S. v. Blandon-Saavedra, 5:25-cr-310-KK. C.D. Cal. Section 111(a). Pretrial conference stayed; Jury Trial stayed. 2-3 day trial. No previous continuance. Not designated complex under the local criminal rules. Defense prepared for trial. Trial stayed pending government's interlocutory appeal.

- U.S. v. Morfin, 2:25-cr-10009-ODW. C.D. Cal. 8 U.S.C. Sec. 1326(a). Guilty Plea submitted. Sentencing 7/6/2026.

- U.S. v. Puentes, 5:25-cr-245-KK-1. C.D. Cal. Wire Fraud. Trial 9/22/2026; Pretrial Conference scheduled for 9/3/2026. Case not designated as complex under the local rules. Defense prepared for trial.

- U.S. v. Sauceda, 23-cr-254-JGB. C.D. Cal. Supervised release. Matter stayed.

- U.S. v. Gross, 5:25-CR-269-KK. C.D. Cal. 21 U.S.C. Sec. 841. Guilty plea accepted, sentencing set for June 9, 2026.

- U.S. v. Jimenez, 5:25-cr-366-KK-1. C.D. Cal. 18 U.S.C. Sec. 111(a). Trial scheduled December of 2026. Currently under diversion.

- U.S. v. Goodwin, 5:25-cr-108-SSS. C.D. Cal. 21 U.S.C. Sec. 841. Trial scheduled for 10/19/26. Not previous continuances, not designated as complex, defense prepared for trial if necessary.

- U.S. v. Watson, 5:25-cr-233-JLS. C.D. Cal. 18 U.S.C. Sec. 1951. Sentencing set for 5/14/26.

- U.S. v. Guillory, 5:25-cr-160-FLA. C. D. Cal. U.S.C. Sec. 841. Trial set for 5/26/26. Trial unlikely. Three previous continuances. Not designated complex. Change of plea scheduled for 5/15/26.

- U.S. v. Warren, 5:24-cr-115-SSS. C.D. Cal. Sec. 641, Embezzlement. Trial February 22, 2027; Pretrial Conference 2/12/27. Four previous continuances. Case likely to proceed to trial. Case designated complex under the local rules. Case likely to proceed to trial. Four-week trial estimate.

- 

- U.S. v. Abdallah, 5:24-cr-237-SSS. C.D. Cal. Sec. 841/922(g)(1). Trial scheduled for 6/29/26; pretrial 6/12/26. Five previous continuances. Recent appointment. Case not designated as complex under the local rules. Defense prepared for trial. Case not likely to proceed to trial as currently scheduled.

- U.S. v. Wimbley, Jr., 2:25-cr-359-MCS. C.D. Cal. VICAR homicide. Case stayed; no pending trial. Likely a 4-week trial. Parties discussing June or September of 2027 trial date.

- U.S. v. Wimbley, Jr., 2:24-cr-599-MCS. C.D. Cal. Hobbs Act robbery and possession of a firearm in furtherance of a crime of violence. Pretrial conference stayed; Jury Trial stayed. One previous continuance. Not designated complex under the local criminal rules.

- U.S. v. Brown, 23-cr-106-ODW. C.D. Cal. Sec. 841 conspiracy. Trial scheduled for 6/9/2026. Case not desigated complex under the local rules. Trial unlikely.

- <u>U.S. v. Gill,</u> 2:26-cr-242-SSS. C.D. Cal. Wire fraud. Trial Scheduled for 6/15/26; pretrial conference scheduled for 5/29/26. Case complex. Not likely to proceed to trial as scheduled.

- <u>U.S. v. Ditto</u>, Case No. 24-7191. Ninth Circuit. Cert. Petition due June 23/2026.

- <u>U.S. v. Gustafson</u>, 5:23-cr-2666-SSS. C.D. Cal. Fentanyl resulting in death. Guilty plea submitted. Sentencing set for 5/22/26.

- <u>U.S. v. Loudy</u>, 5:26-cr-73/74/75. C.D. Cal. Review of Magistrate Judge's dismissal order. No briefing schedule set currently.

- <u>U.S. v. Popoca</u>, 5:23-cr-473. C.D. Cal. Fentanyl resulting in death. Trial scheduled for 11/10/26; pretrial conference set for 10/26/26. Case not complex. Trial likely. Defense prepared.

- <u>U.S. v. Puente</u>, 5:24-cr-245-KK-1 C.D. Cal. Mail Fraud and Aggravated Identity Theft. Trial Scheduled for 9/22/26; pretrial conference set for 9/3/26. Case not designated as complex. Defense prepared for trial. Trial date not certain.

- <u>U.S. v. Wenning</u>, 5:24-cr-240. C.D. Cal. Supervised release, sentencing hearing set for 6/26/26.

- <u>U.S. v. Rivers</u>, 5:24-cr-223-KK, C.D. Cal. Supervised Release. Preliminary Hearing set for 7/14/2026.